BLOCK et al. v. CITY OF MERIDIAN et al.

(Circuit Court of Appeals, Fifth Circuit. March 26, 1912. Rehearing Denied April 13, 1912.)

No. 2,306.

MUNICIPAL CORPORATIONS (§ 244*)—CONTRACTS—REQUISITES.

Where, in an action against a city, the contract sued on was one that could only be made valid by an ordinance which could only take effect after being published for ten entire days, and it appeared that publication was stopped before the ten days had expired, and the contract was abandoned by agreement of the parties, plaintiff could not recover thereon.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 678–681, 683; Dec. Dig. § 244.*]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Action by I. D. Block and others against the City of Meridian and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

J. Hirsh and G. Q. Hall, for plaintiffs in error.
C. T. Williamson, Wm. H. Armbrecht, W. E. Baskin, and R. E. Wilbourn, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The contract sued on was one that could only be made valid by an ordinance. An ordinance, under the law con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

trolling the city of Meridian, does not take effect till notice thereof is published for ten entire days. Publication of the ordinance contract sued on was not so made, but the contract was abandoned, and the publication stopped before the expiration of the ten days from the date of the tentative agreement between the parties. There is nothing in the record in this case to estop the city from making this defense.

Without commenting on the other defenses presented, some of which were referred to by the learned judge presiding in the Circuit Court (see note at end of case), we are of the opinion that the verdict was properly directed for the defendant.

Affirmed.

NOTE.—The opinion above mentioned is as follows:

NILES, District Judge. In the motion that was made here on last Saturday afternoon to exclude the testimony and for a peremptory instruction, the grounds in the motion as set forth are that the evidence wholly fails to establish that the alleged ordinance contract for which this suit was brought had ever been published and printed and posted as required by the city of Meridian and in the manner and for the length of time as required by the charter, and is, therefore, not binding upon the municipality, which is by virtue of the terms of its charter permitted to enter into contracts of this nature only in the manner set forth and prescribed by its charter, to wit, by the adoption of an ordinance and its publication in a newspaper for ten entire days and by posting in three or. more public places in the city of Meridian within said time, and that there has been no proof of any publication under the authority of the municipality for the required length of time.

They ask the court to exclude the evidence on the further ground that the charter of the city of Meridian, introduced in evidence, discloses that the city of Meridian is without power and authority, and was on May 5, 1905, without power, from the Legislature of the state of Mississippi, to enter into such contract with the plaintiff's principal, I. W. Ullman, and his associates, and without authority to grant any franchise to the individual, I. W. Ullman, and his associates, and the alleged ordinance contract is ultra vires, null and void;. that the evidence affirmatively establishes that, before any lawful publication had been made of this ordinance, the further publication of it was by agreement of the parties stopped, and the terms of the ordinance abrogated and annulled by the agreement of the parties, and there is total failure to establish the existence of any contract; that the evidence establishes a variance between the proof and the declaration in this: That the declaration sued upon an invitation for bids that required the parties to state the rate that they would charge consumers for electricity, and the bid sued upon and filed with the declaration states specifically the rate that the bidder, I. W. Ullman, said he would charge consumers for electricity, and on the witness stand the witness denies that such was the bid, and says that that bid was abrogated, and he would not have entered into such a contract. Further, upon the ground that the minds of the parties appear from the evidence never to have met on any binding contract relative to this matter, in this: That the invitation for bids required the bidder to state what he would charge consumers for electricity, and the bid that was shown by the proof to have been filed by I. W. Ullman and offered in evidence disclosed that he did state in that bid what rate he would charge consumers, and the ordinance on which he sues omits any reference to that material element of invitation for bids and the bid, and appears not to have embodied what were the negotiations between the parties as evidenced by the invitation for bids and the bids, and, therefore, the minds of the parties never met, and they did not include in their alleged ordinance contract the matters and things with reference to which they were undertaking to contract.

The Pennsylvania Case states that contracts entered into by municipalities

must be executed in the manner provided by the statute conferring the authority, * * * and an ordinance is wholly inoperative where such provision of the statute has not been complied with. I will sustain the motion and instruct the jury to find for the defendant.

You can have 30, 60, or 90 days in which to prepare your bill of exceptions.